UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bruce A. Peck,<br><br>    Plaintiff<br><br>v.<br><br>City of Las Vegas, et al.,<br><br>    Defendants | 2:15-cv-02070-JAD-VCF<br><br>**Order Denying Application for Issuance of an Ex Parte Order and Setting Briefing Schedule on Motion for Temporary Restraining Order**<br><br>[ECF 7] |

    This case concerns amendments to Chapter 11.68 of the Las Vegas Municipal Code in 2011 (by Ordinance No. 6131) and 2015 (by Ordinance No. 6462).[1] Chapter 11.68 pertains to the pedestrian mall that has been established on Fremont Street in downtown Las Vegas, Nevada. Bruce Peck, a Las Vegas street performer since October 2010,[2] claims that the portions of Chapter 11.68 directed at street performers violate his First Amendment right to free speech.[3] Peck sues the City of Las Vegas, Las Vegas Metropolitan Police Department Sheriff Joseph Lombardo, LVMPD Captain Andrew Walsh, unnamed "officers" of the Fremont Street Experience, LLC (FSE),[4] Robert Gallego,[5] and unnamed members of the FSE's security staff.[6]

---

[1] ECF 5 at 2 ¶¶ 3, 4.

[2] ECF 5 at 6 ¶ 17.

[3] ECF 5. Peck's complaint was screened under 28 U.S.C. § 1915(e) and allowed to proceed by U.S. Magistrate Judge Cam Ferenbach. ECF 4. Judge Ferenbach also granted Peck's application for leave to proceed in forma pauperis. *Id.*

[4] The FSE was designated by the Las Vegas City Council as the private operating entity for the pedestrian mall and is authorized to control and regulate it. Mun. Code Las Vegas (Nev.) §§ 11.68.060, 11.68.070 (current through Oct. 14, 2015).

[5] Gallego is alleged to be the FSE's chief of security.

[6] ECF 5 at 1, 3–4 ¶¶ 8–11. The docket reflects that all but the unnamed "officers" of the FSE have been served with the summons and complaint. *See* ECF 9, 10.

Peck moves for an ex parte order temporarily restraining the defendants from enforcing the street-performer-directed amendments to Chapter 11.68.[7]  Having reviewed the motion, I find that Peck has not met the stringent standard necessary to obtain a temporary restraining order without notice to the adverse parties.  I thus deny the portion of Peck's motion that seeks an ex parte order, instruct him to serve the defendants with copies of this order and his motion, and set a briefing schedule for the motion.

## Discussion

Rule 65(b)(1) of the Federal Rules of Civil Procedure allows a court to issue a temporary restraining order without notice to the adverse party "only if" the movant satisfies two conditions.  By affidavit or verified complaint, he must clearly show that immediate and irreparable injury will result to him before the adverse party can be heard in opposition, **and** the movant or his attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required."[8]

The Ninth Circuit has admonished that ex parte orders are justified only in "extremely limited" circumstances.[9]  The rationale for this limitation, as explained by the United States Supreme Court in *Granny Goose Foods, Inc. v. Teamsters*, is that:

> The stringent restrictions imposed . . . by Rule 65[] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.  *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.[10]

---

[7] ECF 7.  The entirety of the motion has been certified under penalty of perjury.

[8] FED. R. CIV. P. 65(b)(1).

[9] *Reno Air Racing Assn., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

[10] *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) (internal citations omitted) (collecting cases).

In light of this concern, the Ninth Circuit has "recognized very few circumstances justifying the issuance of an ex parte" temporary restraining order: "'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing'" or in "'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'"[11]

Peck argues that he gave sufficient notice to the defendants—and no further notice is needed—because he served the City of Las Vegas with a letter demanding that it cease and desist enforcing the portions of Chapter 11.68 that Peck now challenges, and Peck had several in-person meetings with the City Attorney and appeared twice before the Las Vegas City Council to express his concerns.[12] Peck's argument demonstrates that he already knows the identities of most of the adverse parties, and he has not established that it would be "impossible" for him to serve all of the defendants in time for a hearing. Peck also has not shown that providing the defendants with notice and an opportunity to be heard on this motion for temporary injunctive relief would make further prosecution of that motion fruitless. Peck, in fact, offers no evidence that any of the defendants has a history of violating court orders or disposing of evidence. Peck has not, therefore, met his burden of showing that this is one of the "extremely limited" circumstances that justifies the issuance of an ex parte order.[13]

**Conclusion**

Accordingly, it is hereby ORDERED that the portion of Peck's Ex Parte Motion for Emergency Temporary Restraining Order seeking an ex parte order **[ECF 7]** is **DENIED**.

It is FURTHER ORDERED that Peck must serve each defendant with a copy of this order and a copy of the Ex Parte Motion for Emergency Temporary Restraining Order [ECF 7]

---

[11] *Reno Air*, 452 F.3d at 1131 (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

[12] ECF 7 at 2–3 ¶¶ 4–7.

[13] *See* 452 F.3d at 1131.

by **Monday, December 21, 2015**. Peck is advised to follow the service procedures outlined in Rule 5 of the Federal Rules of Civil Procedure in complying with this order.

It is FURTHER ORDERED that Peck has until **Thursday, December 24, 2015**, to file a certificate stating the date that a true and correct copy of the above-stated documents were served on defendants or their counsel and the manner in which they were served.

It is FURTHER ORDERED that defendants have until **Monday, January 11, 2016**, to respond to Peck's Ex Parte Motion for Emergency Temporary Restraining Order [ECF 7]. Peck has until **Friday, January 22, 2016**, to file any reply.

Dated this 10th day of December, 2015.

_____
Jennifer A. Dorsey
United States District Judge

4