UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bruce A. Peck,<br><br>     Plaintiff<br><br>v.<br><br>City of Las Vegas, et al.,<br><br>     Defendants | 2:15-cv-02070-JAD-VCF<br><br>**Order Granting Motions to Amend Complaint**<br><br>[ECF 14, 15] |

Peck moves under LR 15-1 to amend his complaint to: (1) allege additional factual information concerning his experience with the FSE security staff's and local law enforcement's application of amendments to Chapter 11.68 pertaining to the Fremont Street pedestrian mall[1]; (2) name two additional law-enforcement defendants[2]; (3) rename a count in his complaint;[3] (4) amend his prayer for relief[4]; and (5) substitute defendant "Officers of the Fremont Street Experience LLC" with the name of that entity's alleged acting chairman.[5]

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter course within 21 days after serving it. . . ." Peck's complaint was served on the FSE's security staff and the officers of the FSE on December 7, 2015,[6] and Walsh, Lombardo, Gellego, and the City of Las Vegas on December 2, 2015.[7] Thus, the time for Peck to amend under FRCP 15(a) expires on Wednesday, December 23, 2015. Although leave

---

[1] ECF 14 at 2–5.

[2] ECF 14 at 5–6.

[3] ECF 14-1.

[4] ECF 14-2.

[5] ECF 15.

[6] ECF 9 at 2; ECF 13 at 2.

[7] ECF 10 at 2, 4, 6, 8.

1

of court is not required to amend as a matter of course under FRCP 15(a), Peck's motions are timely, comply with LR 15-1, and are thus granted.[8]

Accordingly, it is hereby ORDERED that Peck's motion "for supplemental pleading and amended complaint[,]" **[ECF 14]** including his sub-part motions to amend **[ECF 14-1, 14-2]**, and Peck's "motion to amend complaint #4" are **GRANTED**.

It is FURTHER ORDERED that:

- Peck has until **Tuesday, December 29, 2015, to file a single amended complaint that incorporates all of his proposed amendments**;

- Upon the filing of Peck's amended complaint, **the Clerk of Court is instructed to issue summons to the newly amended or substituted defendants, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to Peck**;

- Peck has **seven days** to furnish the U.S. Marshal the required USM-285 forms. Within **three days** after Peck receives copies of the completed USM-285 forms from the U.S. Marshal, Peck must file a notice with the court identifying which defendants were served and which were not served, if any. If Peck wishes to have the U.S. Marshal attempt service again on any unserved defendants, then he must file a motion identifying the unserved defendants, specifying a more detailed

---

[8] It appears in filing these motions that Peck failed to comply with United States Magistrate Judge Cam Ferenbach's order that Peck:

> will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

ECF 4 at 6–7. Peck is admonished that proper service must be effectuated on all defendants and a certificate of service must accompany any filing that he makes with the court. The court will disregard any future non-compliant filings.

name and address, and indicating whether some other manner of service should be used. Rule 4(m) of the Federal Rules of Civil Procedure requires service to be accomplished within 120 days from the date that the amended complaint is filed;

- Within **three days** after Peck receives copies of the completed USM-285 forms from the U.S. Marshal, Peck must serve, under the procedures outlined in Rule 5(b) of the Federal Rules of Civil Procedure, the newly amended or substituted defendants with a copy of this order, a copy of the order denying the Ex Parte Motion for Emergency Temporary Restraining Order [ECF 11], and a copy of the Ex Parte Motion for Emergency Temporary Restraining Order [ECF 7];

- Within **three days** after Peck completes service of the above-stated documents on the newly amended or substituted defendants, Peck must file a certificate stating the date that a true and correct copy of the above-stated documents were served on defendants or their counsel and the manner in which they were served;

- The newly amended or substituted defendants must respond to Peck's Ex Parte Motion for Emergency Temporary Restraining Order [ECF 7] **within 14** days after they are served with it;

- Peck must serve, under the procedures outlined in Rule 5(b) of the Federal Rules of Civil Procedure, those defendants that have already been served with process (FSE's security staff, Walsh, Lombardo, Gellego, and the City of Las Vegas) with a copy of the amended complaint and a copy of this order by **Thursday, December 31, 2015**.

Dated this 22nd day of December, 2015.

_____
Jennifer A. Dorsey
United States District Judge