UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE A. PECK,<br><br>    Plaintiff<br><br>vs.<br><br>CITY OF LAS VEGAS, *et al.*,<br><br>    Defendants | 2:15-cv-02070-JAD-VCF<br><br>**Order Denying Motion for Entry of Default**<br><br>[ECF 25] |

Peck moves under FRCP 55 and LR 77-1(b)(2) for the entry of default against the City of Las Vegas, Sheriff Joseph Lombardo, Captain Andrew Walsh, the officers of the Fremont Street Experience, LLC ("FSE"), unnamed members of the FSE's security staff, and Robert Gallego.[1] Peck's request is complicated by answers that were timely filed by the City of Las Vegas[2] and Walsh and Lombardo,[3] as well as the amended complaint that Peck filed on December 28, 2015,[4] which enlarged the time for the defendants to respond. Additionally, Peck has not demonstrated that Gallego or the unnamed members of the FSE's security staff have been made a party to this action by proper service of process under FRCP 4. Accordingly, Peck's motion for entry of default is denied.

## Background

After granting Peck leave to proceed in forma pauperis in this free-speech action, United States Magistrate Judge Cam Ferenbach instructed the Clerk of Court to file the complaint, issue summonses to the defendants named in the complaint and deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to Peck.[5] Peck was then instructed to furnish

---

[1] ECF 25.

[2] ECF 16.

[3] ECF 19.

[4] ECF 20.

[5] ECF 4 at 6.

Page 1 of 7

the completed USM-285 forms to the U.S. Marshal for service and to file notice with the court after he received the completed USM-285 forms from the U.S. Marshal.[6]  The docket reflects that the U.S. Marshal served summonses and the original complaint on Lombardo, Walsh, Gallego, the City of Las Vegas, and the unnamed members of the FSE's security staff on December 7, 2015,[7] and the officers of the FSE on December 15, 2015.[8]

Peck then sought leave to amend his complaint.[9]  Although Peck was permitted to amend his complaint once as a matter of course under FRCP 15(a)(1)(A), I granted his motions and, *inter alia*, instructed him to serve, under the procedures outlined in FRCP 5(b), those defendants who appeared to have already been served with process—the FSE's security staff, Walsh, Lombardo, Gallego, and the City of Las Vegas.  Before Peck filed his amended complaint, the City of Las Vegas, Walsh, and Lombardo answered Peck's original complaint.[10]  Peck then filed his amended complaint on December 28, 2015, which substituted Mark Brandenburg for the officers of the FSE, added Deputy Michelle Freeman and Deputy Chief Timothy Shattler as defendants, added additional factual information, renamed one count, and amended the prayer for relief.[11]

Peck now moves for the entry of default against the City of Las Vegas, Lombardo, Walsh, the officers of the FSE, unnamed members of the FSE's security staff, and Gallego.[12]  Gallego, the officers of the FSE, and the unnamed members of the FSE's security staff ("FSE Defendants") responded by arguing that the motion should be denied because Peck has not served them with summonses and the amended complaint through the U.S. Marshal, which the FSE Defendants

---

[6] *Id.*

[7] ECF 9 at 2; ECF 10 at 2, 4, 6, 8.

[8] ECF 13 at 2.

[9] ECF 14; ECF 15.

[10] ECF 16; ECF 19.

[11] ECF 20.

[12] ECF 25.

contend my December 28, 2015, order required.[13]  The City of Las Vegas joined in the FSE Defendants' response and further argued that it timely answered Peck's original complaint and also his amended complaint.[14]  Peck argues in reply that the FSE Defendants were properly served under my December 28, 2015, order; Lombardo and Walsh were several days late in filing their answer; and the City of Las Vegas delayed seven days in serving its timely filed answer on Peck.[15]  I address each defendant in turn.

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[16]  In order to obtain the entry of default, the plaintiff must show that service was properly effected on the defendant and that the defendant failed to respond within the time specified by the Federal Rules of Civil Procedure.  Under FRCP 12, "[u]nless another time is specified by this rule or a federal statute, . . . [a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint. . . ."[17]  And, "[u]nless the court orders otherwise, any required response to an amended pleading must be made" within the later of "the time remaining to respond to the original pleading or within 14 days after service of the amended pleading. . . ."[18]

### A.    The "Officers of the Fremont Street Experience, LLC"

This portion of Peck's motion is easily disposed of because Peck substituted Brandenburg in place of the "Officers of the Fremont Street Experience, LLC" when he filed his amended

---

[13] ECF 26.

[14] ECF 38.

[15] ECF 29.

[16] FED. R. CIV. P. 55(a).

[17] FED. R. CIV. P. 12(a)(1)(A)(i).

[18] FED. R. CIV. P. 15(a)(3).

complaint.[19]  Peck's motion for entry of default against the "Officers of the Fremont Street Experience, LLC" is denied as moot because these officers are no longer defendants in this case.

**B.     The City of Las Vegas, Lombardo, and Walsh**

Peck argues but offers no evidence that the City of Las Vegas delayed serving Peck with its answer.  In any event, because the City of Las Vegas was served with process on December 7, 2015,[20] and filed its answer 16 days later on December 23, 2015,[21] the city timely responded to the original complaint, and no default is warranted.

Peck argues that Lombardo and Walsh were both a few days late answering the original complaint.  Peck is mistaken.  Because Lombardo and Walsh were served with process on December 7, 2015,[22] and filed their answer 21 days later on December 28, 2015,[23] both men timely responded to the original complaint.  Accordingly, Peck's motion for entry of default against the City of Las Vegas, Sheriff Joseph Lombardo, and Captain Andrew Walsh is denied.[24]

---

[19] *Compare* ECF 5 at 1 *with* ECF 20 at 1; *accord* ECF 15.

[20] ECF 10 at 8.

[21] ECF 16.

[22] ECF 10 at 2, 4.

[23] ECF 19.

[24] Although not the subject of Peck's instant motion, I note that the City of Las Vegas, Lombardo, and Walsh also timely answered Peck's amended complaint. *Compare* ECF 21 (certifying that Peck served the amended complaint on those defendants via U.S. mail on December 29, 2015) *with* ECF 34 (the city answered Peck's amended complaint on January 14, 2016); ECF 37 (Lombardo and Walsh answered Peck's amended complaint on January 15, 2016).  Fourteen days from the service date of the amended complaint was January 12, 2016, but because Peck served these defendants with the amended complaint via U.S. mail, they had until January 15, 2016, to timely respond.  *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C)[, the rule authorizing service via mail], 3 days are added after the period would otherwise expire under Rule 6(a).").  Furthermore, Brandenburg timely responded to the amended complaint when he filed his motion to dismiss within 20 days of being served with process. *Compare* ECF 28 at 2 (declaring that Brandenburg was personally served with process on January 5, 2016) *with* ECF 41 (Brandenburg's motion to dismiss filed January 25, 2016).

**C.     Gallego and the "Unnamed Members of the FSE LLC Security Staff"**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served."[25] "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."[26] Peck is correct that I instructed him in my previous order to serve those defendants that had already been served with process—including Gallego and the unnamed members of the FSE's security—with a copy of the amended complaint under the procedures outlined in FRCP 5(b), not through the U.S. Marshal.[27] But Peck's instant motion and the FSE Defendants' response challenging the sufficiency of service caused me to take a closer look at the proofs of service for these defendants.

Although not entirely clear, it appears that Peck is pursuing Gallego in an individual capacity. Under FRCP 4(e)(2), an individual defendant can be served by: delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's residence with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized to receive service of process.[28] In an attempt to serve Gallego, Peck instructed the U.S. Marshal to serve the summons and complaint at "425 Fremont Street, Las Vegas, NV 89101[,]"[29] which is presumably FSE's business address, not Gallego's residence. The proof of service states that process was served at that address on "Patrick–Risk Specialist," "who is designated by law to accept service of process on behalf of Fremont Street Experience Security."[30] Peck has not demonstrated that "Patrick–Risk Specialist" is an authorized agent of Gallego or a person of suitable

---

[25] *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

[26] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (internal citations omitted).

[27] ECF 17 at 3:18–21.

[28] FED. R. CIV. P. 4(e)(2). FRCP 4(e)(1) also allows an individual to be served by following the applicable state law for service. The Nevada Rules of Civil Procedure set forth the same three methods as the federal rules.

[29] ECF 10 at 5.

[30] ECF 10 at 6.

age and discretion that lives in Gallego's residence. Thus, Peck's attempted service on Robert Gallego was ineffective.

The "Unnamed Members of the FSE LLC Security Staff" present a different problem because they are fictitious parties. "There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties."[31] But the Ninth Circuit has "expressed disapproval of the practice."[32] Moreover, although not entirely clear, it appears that Peck is pursuing these fictitious parties in their individual capacities. In an attempt to serve these defendants, Peck instructed the U.S. Marshal to serve the summons and complaint on the "members of the FSE LLC Security Staff" at "425 Fremont Street, Las Vegas, NV 89101[,]"[33] which is presumably FSE's business address, not these individuals' residences. The proof of service states that process was served at that address on "Rosa Swena (member of the FSE LLC security staff). . . ."[34] But there is no indication that Swena is an intended subject of this action, and Peck has not demonstrated that Swena is an authorized agent of any the fictitious defendants or a person of suitable age and discretion that lives in their residences. Thus, Peck's attempted service on the "Unnamed Members of the FSE LLC Security Staff" was ineffective. Accordingly, Peck's motion for entry of default against Robert Gallego and the "Unnamed Members of the FSE LLC Security Staff" is denied.

Counsel for the FSE Defendants has stated that it is willing to accept formal service of the amended complaint and any pending motion if Peck complies with FRCP 4 and the FSE Defendants are permitted to respond to the amended complaint as permitted under FRCP 4(d).[35] **In light of the deficiencies noted herein, I strongly encourage Peck to contact the FSE Defendants' counsel regarding its offer to accept formal service on those defendants' behalf.** Otherwise, Peck must

---

[31] *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir. 1969), *cert. denied*, 396 U.S. 987 (1969).

[32] *Id.*

[33] ECF 9 at 1.

[34] ECF 9 at 2.

[35] ECF 26 at 1–2.

effectuate proper service on Gallego and discover the true names of the fictitious defendants and then formally serve them before further action can be taken against them.

### Conclusion

Accordingly, Peck's motion for entry of default **[ECF 25]** is **DENIED**.

DATED: February 1, 2016

_____
Jennifer A. Dorsey
United States District Judge