UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bruce A. Peck,<br><br>  Plaintiff<br><br>v.<br><br>City of Las Vegas, et al.,<br><br>  Defendants | 2:15-cv-02070-JAD-PAL<br><br>**Order Granting Motion to Set Aside Default Against Freeman and Shattler [ECF 57]; Granting Motion to Dismiss Freeman and Shattler [ECF 58]; Denying Motion for Default Judgment Against Freeman and Shattler as Moot [ECF 55]; Granting Motion to Dismiss All Parties Except the City of Las Vegas [ECF 66]; Denying Brandenburg's Motion to Dismiss or, Alternatively, for Summary Judgment as Moot [ECF 41]; and Striking Second Amended Complaint [ECF 65]** |

This order addresses the spate of motions and a pleading that the parties recently filed in this free-speech case, which I find are suitable for disposition without oral argument under LR 78-2. Michele Freeman, the director and chief of the City of Las Vegas's Department of Detention & Enforcement ("D&E"), and Timothy Shattler, the deputy chief of the D&E, move to set aside the clerk's default that was entered against them, arguing that good cause exists to do so under the Ninth Circuit's three *Falk v. Allen*[1] factors.[2] Freeman and Shattler also move for dismissal of all claims against them because they are sued only in their official capacities, and the claims against them are duplicative of those against the City of Las Vegas.[3]

Peck moves for default judgment against Freeman and Shattler.[4] Peck also filed a second amended complaint that names a host of new defendants,[5] which he swiftly followed with a motion to dismiss all claims against Mark Brandenburg, Robert Gallego, Sheriff Joseph

---

[1] *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984).

[2] ECF 57.

[3] ECF 58.

[4] ECF 55.

[5] ECF 65.

1  Lombardo, and Captain Andrew Walsh[6]—effectively leaving the City of Las Vegas as the only
2  remaining defendant. Finally, Brandenburg and Gallego move to dismiss the claims against them
3  under FRCP 12(b)(6) or, alternatively, to enter summary judgment in their favor.[7]

4      I find that the three *Falk* factors weigh in favor of setting aside the default entered against
5  Freeman and Shattler. I also find that Peck's claims against those defendants are duplicative of
6  his claims against the City of Las Vegas, which is the real party in interest. I therefore grant
7  Freeman and Shattler's motion to set aside the default (ECF 57), I also grant their motion to
8  dismiss (ECF 58), and I deny Peck's motion for entry of default judgment against them as moot
9  (ECF 55). Because I do not perceive that Brandenburg, Gallego, Lombardo, or Walsh will suffer
10 any plain legal prejudice if the claims against them are dismissed, I grant Peck's motion to
11 voluntarily dismiss his claims against those defendants (ECF 66) and thus deny Brandenburg and
12 Gallego's motion to dismiss or, alternatively, for summary judgment as moot (ECF 41). And,
13 finally, I strike Peck's second amended complaint (ECF 65) because it was filed without the
14 opposing parties' written consent or leave of court and Peck has already amended his pleading
15 once as a matter of right under FRCP 15(a)(1).[8]

**Discussion**

**A.   The clerk's default against Freeman and Shattler is set aside and Peck's claims against them are dismissed.**

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[9] District courts are authorized to "set aside an entry of default for good cause. . . ."[10] When deciding whether good cause exists, district courts consider the Ninth Circuit's three *Falk* factors: "'(1) whether the plaintiff will be

---

[6] ECF 66.

[7] ECF 41 (Brandenburg's motion), ECF 54 (Gallego's joinder).

[8] *See* ECF 17, 20.

[9] *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) ("*Mesle*") (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

[10] FED. R. CIV. P. 55(c).

2

prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'"[11]

The standard for the first factor is "whether [Peck's] ability to pursue his claim will be hindered."[12] This case is still in its infancy and default was entered a little over one month ago.[13] Thus, I do not perceive—and Peck does not articulate[14]—that Peck's ability to pursue his claims has been hindered by a change in circumstances or a loss of evidence at this early stage of the case. This factor therefore favors setting aside the default.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default."[15] Freeman and Shattler argue that they have a meritorious defense to Peck's claims: as only official-capacity defendants, they are entirely duplicative of another named defendant that is also the real party in interest here—the City of Las Vegas. Peck does not directly address this argument, and I find that Freeman and Shattler have alleged sufficient facts to demonstrate that they have a meritorious defense to Peck's claims. The second *Falk* factor thus weighs in favor of setting aside the default.

Rather than address whether Freeman and Shattler have a meritorious defense, Peck instead chastises the City's counsel for not claiming to also represent Freeman and Shattler earlier in this litigation, and he criticizes Freeman and Shattler for not filing an answer.[16] Peck's fault-finding appears to be aimed at the third *Falk* factor: whether Freeman and Shattler's

---

[11] *Brandt v. American Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk*, 739 F.2d at 463).

[12] *Falk*, 739 F.2d at 463.

[13] ECF 50.

[14] *See* ECF 64.

[15] *Mesle*, 615 F.3d at 1094 (quoting *TCI Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)).

[16] ECF 64 at 2–3.

3

culpable conduct led to the default. The City's counsel's initial statement to Peck that it represented only the City, and Freeman and Shattler's failure to answer Peck's amended complaint (believing that they were named in their individual capacities and thus not properly served through acceptance of service by someone at their place of business[17]), are understandable given that it was not clear from Peck's amended complaint in what capacity he was suing Freeman and Shattler. That question was not settled until Peck clarified in his motion for default that he is suing those defendants only in their official capacities.[18] There being no culpable conduct by Freeman or Shattler, the third *Falk* factor also weighs in favor of setting aside the default. Because Freeman and Shattler have demonstrated good cause under the *Falk* factors, I grant their motion to set aside the clerk's default that was entered against them and I deny Peck's motion for default judgment against these defendants as moot.

I also grant Freeman and Shattler's motion to dismiss Peck's claims against them. Since plaintiffs may directly sue local government entities, the U.S. Supreme Court has generally described official-capacity suits as "only another way of pleading an action against an entity of which an officer is an agent. . . ."[19] The Court has also stated that the real party in interest in an official-capacity suit is the local government entity, not the official or agent of that entity.[20] Some district courts have concluded from this authority that, "when both an officer and the local government entity are named in a lawsuit and the officer is named in an official capacity only, the officer is a redundant defendant and may be dismissed."[21] I agree with the reasoning of those district courts and I find that reasoning, when applied here, warrants dismissing Peck's claims against Freeman and Shattler because they are sued only in their official capacities and are thus

---

[17] *See* ECF 36.

[18] ECF 49 at 2 ¶ 4.

[19] *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978).

[20] *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

[21] *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996)); *see also Hillblom v. Cty. of Fresno*, 539 F. Supp. 2d 1192, 1202 (E.D. Cal. 2008); *Cottle v. Gillespie*, 2:10-cv-00271-JCM, 2011 WL 2651685 at *1 (D. Nev. July 6, 2011) (unpublished).

entirely redundant of the City of Las Vegas, which is the real party in interest and has already been named as a defendant by Peck.[22]

### B. Peck's claims against Brandenburg, Gallego, Lombardo, and Walsh are likewise dismissed.

Peck moves to dismiss his claims against Brandenburg, Gallego, Lombardo, and Walsh.[23] Because all four defendants have either answered or moved for summary judgment,[24] Peck's motion is governed by FRCP 41(a)(2), which provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

When ruling on a party's motion to voluntarily dismiss under FRCP 41(a)(2), "the district court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal."[25] "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'"[26] The Ninth Circuit has explained that "'[u]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice."[27] "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."[28] And "the expense incurred in defending against a lawsuit does not amount to legal prejudice."[29]

---

[22] ECF 20 at 2–3 ¶ 8.

[23] ECF 66.

[24] ECF 37 (Walsh and Lombardo's answer), ECF 41 (Brandenburg's motion to dismiss or, alternatively, for summary judgment), ECF 54 (Gallego's joinder to Brandenburg's motion). No counterclaim, crossclaim, or third-party claim has been alleged.

[25] *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996) (collecting authorities).

[26] *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands*, 100 F.3d at 97).

[27] *Id.* (quoting *Westlands*, 100 F.3d at 96–97).

[28] *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

[29] *Westlands*, 100 F.3d at 97.

5

Walsh and Lombardo have filed notice that they do not oppose Peck's motion to dismiss them from this case.[30] The time has not yet expired for Brandenburg and Gallego to respond to Peck's motion, but given the nature of Peck's claims and that this case is still in an early stage, I cannot discern a single legal interest, claim, or argument of Brandenburg or Gallego that would suffer if Peck voluntarily dismissed his claims against them. Indeed, Brandenburg and Gallego have moved to dismiss Peck's claims against them.[31] Accordingly, I grant Peck's motion to dismiss his claims against Walsh, Lombardo, Brandenburg, and Gallego, and I deny Brandenburg's motion to dismiss or, alternatively, for summary judgment (and Gallego's joinder therein) as moot.

**C.    I strike Peck's unauthorized second amended complaint.**

Rule 15(a) the Federal Rules of Civil Procedure authorizes a party to amend its pleading once as a matter of course within the earlier of 21 days of serving it or, if a responsive pleading is required, within 21 days after service of the responsive pleading or a motion under FRCP 12(b), (e), or (f).[32] Any other amendment requires either the opposing parties' written consent or leave of court.[33]

Peck believes that, because the scheduling order in this case provides that the "[l]ast date to amend pleadings and add parties" is March 22, 2016,[34] he can freely amend his complaint up to that date.[35] Peck is mistaken. Because Peck has already amended his complaint once as a matter of right,[36] he must obtain either the written consent of the opposing parties or a court order granting him leave to amend again. The scheduling order merely sets March 22, 2016, as the last date that the parties can either agree in writing to amend their pleadings or file motions seeking

---

[30] ECF 68.

[31] ECF 41, 54.

[32] FED. R. CIV. P. 15(a)(1)(A)–(B).

[33] *Id.* at 15(a)(2).

[34] ECF 62 at 1.

[35] ECF 65 at 2 ¶ 1.

[36] *See* ECF 17, 20.

leave of court to do so.  Because Peck obtained neither written consent of the opposing parties nor leave of court before he filed his second amended complaint, that pleading was filed in violation of the procedural rules and is, therefore, stricken.  The first amended complaint on docket at ECF 20 remains Peck's operative complaint.  If Peck wants to file a second amended complaint, he must first get the City's stipulation or move for leave to amend in compliance with FRCP 15 and Local Rule 15-1 by March 22, 2016.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

- Michele Freeman and Timothy Shattler's motion to set aside clerk's entry of default **[ECF 57] is GRANTED**;
- Michele Freeman and Timothy Shattler's motion to dismiss **[ECF 58] is GRANTED**;
- Bruce Peck's motion for entry of default judgment against Michele Freeman and Timothy Shattler **[ECF 55] is DENIED** as moot;
- Bruce Peck's motion to dismiss Mark Brandenburg, Robert Gallego, Sheriff Joseph Lombardo, and Captain Andrew Walsh **[ECF 66] is GRANTED**;
- Mark Brandenburg's motion to dismiss or, alternatively, for summary judgment **[ECF 41] is DENIED** as moot; and
- Bruce Peck's second amended complaint **[ECF 65] is hereby stricken from the record in this case.**

The Clerk of Court is instructed to **SET ASIDE the default [ECF 50]** entered against Michele Freeman and Timothy Shattler and to **STRIKE ECF 65**.

Bruce Peck's claims against Michele Freeman, Timothy Shattler, Mark Brandenburg, Robert Gallego, Sheriff Joseph Lombardo, and Captain Andrew Walsh are **DISMISSED**, leaving claims against only the City of Las Vegas.

DATED: March 16, 2016

_____
Jennifer A. Dorsey
United States District Judge